**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| | : **CASE NO.:  5:14-cv-00032** |
| **Barbara Hilton** | : |
| **2743 Ellet Avenue** | : |
| **Akron, Ohio 44312** | : |
| | : |
| | : |
| | : **JUDGE** |
| **Plaintiff,** | : |
| **v.** | : |
| | : |
| **Credit One Financial d/b/a Credit One Bank** | : |
| **585 Pilot Road** | : **COMPLAINT** |
| **Las Vegas, Nevada 89119** | : |
| | : |
| **and** | : |
| | : |
| **JOHN AND JANE DOES 1-10** | : **A Trial by the Maximum Number of Jurors** |
| | : **is hereby Demanded** |
| **Defendants.** | : |
| | : |
| | : |

Here comes Plaintiff Barbara Hilton, (hereinafter "Plaintiff") and sets forth a *Complaint*

against Defendant Credit One Financial d/b/a Credit One Bank (hereinafter "Defendant") and

Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

## JURISDICITON

1.    This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.    Plaintiff, Barbara Hilton (hereafter "Plaintiff"), is an adult individual whose residence is in Akron, Ohio, and is a "person" as defined by 47 U.S.C. § 153(10).

5.    The Defendant, Credit One Financial d/b/a Credit One Bank ("Credit"), is a Nevada business entity with an address of 585 Pilot Road, Las Vegas, Nevada 89119, and is a "person" as defined by 47 U.S.C. § 153(10).

6.    Defendants John and Jane Does 1 - 10 are the individual agents for Credit, but whose names are unknown.  The Complaint will be amended to add their names when they are determined through discovery.

7.    Credit at all times acted by and through one or more of the Agents.

## FACTS

8.    Within the last four years, Credit contacted Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

9.    At all times mentioned herein, Credit contacted Plaintiff by placing calls to Plaintiff's cellular phone, number 330-xxx-9355, using an automated telephone dialer system ("ATDS") and/or an artificial or prerecorded voice.

10.     When Plaintiff answered ATDS calls from Credit, she would hear a prerecorded message instructing her to stay on the line until she could be connected to a live operator.

11.     Upon information and belief, Plaintiff never provided her cellular telephone number to Credit, and never provided Credit with prior express consent to call her cellular phone.

12.     Despite the fact that they lacked consent to call Plaintiff on her cell phone, Credit continued to harass Plaintiff with ATDS calls at a rate of up to five calls on a daily basis, causing Plaintiff significant inconvenience.

## COUNT I

### (Violations of the Telephone Consumer Protection Act)
### (47 U.S.C. § 227, *et seq.*)

13.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.     Without prior express consent the Defendants contacted the Plaintiff by means of ATDS calls or prerecorded messages to her cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

15.     The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

18.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Invasion of Privacy by Intrusion upon Seclusion)

19.     Plaintiff incorporates by reference all the above paragraphs of this complaint as if fully restated herein.

20.     The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

21.     Ohio recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Ohio state law.

22.     Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls.

23.     The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

24.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

25.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

26.     Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Actual damages from Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

3. Punitive damages; and

4. Such other and further relief as this Court may determine to be just and proper.

Dated: January 8, 2014

Respectfully submitted,

By:    /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff:
Barbara Hilton

## **<u>JURY DEMAND</u>**

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

<u>      /s/ *Sergei Lemberg*      </u>
Sergei Lemberg, Esq.